## No. 14,032.

### MCDERMOTT *v.* PERKINS.
(67 P. [2d] 504)

Decided April 19, 1937.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for plaintiff in error.

Mr. CLARENCE O. MOORE, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

On October 9, 1931, one Dearmin purchased real estate known as 2849 Downing street, Denver, Colorado, giving a second deed of trust for $1,000 to Blue and Horton, real estate agents, to secure balance of purchase price. Installment payments of $25 per month were to begin December 1, 1931. In July, 1932, Dearmin sold the property to Perkins, defendant in error, and by complicated arrangement, peculiar only to a three cornered real estate deal, Dearmin was to pay off his indebtedness to Blue and Horton, evidenced by the second deed of trust, and convey to Perkins, subject to a first trust deed, and a second for $542.35, payable $15 monthly. Blue and Horton accepted the balance due them on the $1,000 note, and endorsed on the back thereof the amount Perkins was to pay, and had Perkins sign the note as maker. The amount so endorsed was $542.35 representing the balance of the purchase price to be paid by Perkins to Dearmin. This arrangement was to avoid drawing a new second deed of trust in that amount. Dearmin then made and delivered a deed to Perkins for the property, subject to the first deed of trust, and the second, ''reduced to $542.35, all of which the said party of the second part assumes and agrees to pay.''

The note, thus embellished was, December 16, 1932, sold and endorsed without recourse by Dearmin to McDermott, plaintiff below and plaintiff in error here, who, upon prior and subsequent defaults in the payments, brought this suit on the note against Perkins and Dearmin, the case being dismissed as to the latter without objection of plaintiff, by reason of the endorsement without recourse. At close of plaintiff's case motion for nonsuit was interposed by Perkins on the ground that the proper course to have been pursued, was a foreclosure of the deed of trust, and not a suit on the note. The motion was granted, and McDermott assigns error.

Defendant in error Perkins, contends that in as much as McDermott bought the note after default, from Dearmin the original maker, who had paid and obtained possession of it before maturity, that the note had been extinguished by payment before he, Perkins, signed it, and that it was not negotiable at the time it was purchased by McDermott; while plaintiff alleged that Perkins, by the deed received by him from Dearmin, assumed and agreed to pay the note. This allegation is admitted by the answer, which does not allege payment, as now contended.

When Perkins assumed the mortgage as part of the purchase price, his obligation to pay became absolute, and when he signed the note, as part of the purchase price, he breathed life into it, regardless of its condition prior to that moment, and he cannot possess the property—which the evidence shows he does—and question the validity of his debt for the balance of its purchase price, by reason of the form of the evidence of the indebtedness.

The judgment is reversed and the cause remanded with instructions to enter judgment in favor of plaintiff according to the prayer of his complaint.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.